CASE 22—ACTION BY D. C. DAWSON AND OTHERS TO ENJOIN THE
TRUSTEES OF COMMON SCHOOL DISTRICT NO. 40 FROM COLLECTING
TAXES.—MARCH 18.

# Dawson, &c. v. Trustees Common School District No. 40.

### APPEAL FROM LOGAN CIRCUIT COURT.

JUDGMENT DISSOLVING INJUNCTION AND DISMISSING PETITION, AND
PLAINTIFFS APPEAL. REVERSED.

SCHOOLHOUSES—TITLE TO LAND—IMPROVEMENTS—COLLECTION OF
TAXES—LAND OWNED JOINTLY WITH LODGES—REVERSIONARY IN-
TEREST IN GRANTOR.

Held: 1. Under Kentucky Statutes, 1899, section 4437, providing that
in acquiring land for school sites the trustees shall take a fee-
simple title, and that titles to lands now used for school sites
shall be perfected as soon as possible, school trustees can be
restrained from collecting a tax for the repair or improvement of
a schoolhouse, located on land owned by them jointly with
several lodges, and with a reversionary interest in the grantor.

S. R. CREWDSON AND E. B. DRAKE, ATTORNEYS FOR APPELLANTS.

The authority for levying a school tax is found in section
4440, Kentucky Statutes.

The prerequisite to the levy must be:

1. The condemning of the school house by the county super-
intendent which must be done by record in his office.

2. The trustees must then be notified in writing as to what
has been condemned, that is, whether the schoolhouse has been
condemned to the extent that a new one shall be built, or
for repairs, or because the furniture or apparatus is insuffi-
cient. Such condemnation is a condition precedent to the right
to order the tax.

We submit in this case:

1. That the order of the trustee for this tax neither shows
the necessity for the tax, nor that there were no funds on hand
available for the purposes proposed, nor for what sum the trus-
tees were to be reimbursed, nor on what the repairs were
to be placed, nor that the expenditure was a just and legal
charge upon the district; and it is nowhere attempted to be

shown that the county superintendent had ordered the expenditure or the levy.

2. The petition alleges facts showing no necessity for the levy and the answer failing to show such necessity, the demurrer to the answer should have been sustained.

3. The most fatal defect to the levy, however, is, that the record shows that the trustees did not have a valid title to the land on which the schoolhouse was built as required by section 4437, Kentucky Statutes, as alleged in the amended petition tendered by appellants, and which the court refused to allow to be filed; which shows that the title was held jointly by the trustees and certain Masonic lodges, with a reversionary title in the grantor.

### AUTHORITIES CITED.

Kentucky Statutes, secs. 4440, 4443, 4437, 4439; Macklin v. Trustees, 88 Ky., 592; Davidson v. Sterrett, 13 R., 265; Cooley on Taxes, p. 338.

W. P. SANDIDGE, ATTORNEY FOR APPELLEE.

1. We do not think this court has jurisdiction of this appeal, the amount in controversy being less than $200; and the fact that an injunction is sought does not alter the question, the amount in controversy being the amount sought to be enjoined. The fact that the plaintiffs profess to sue for themselves and others similarly situated, does not aid them on this point.

2. The only ground upon which the plaintiffs in their petition ask for an an injunction are, (1) that no levy was ever made by the trustees; (2) that there was no necessity for the tax; (3) that the county superintendent had never notified the trustees in writing that the schoolhouse had been condemned or needed repairing.

3. This suit was filed March 16, 1901. Answer was filed May 24, 1901. No proof was taken by appellants up to the February term, 1902, when for the first time they asked leave to file an amended petition relying on an alleged defect of title in the site of the schoolhouse. It was not sworn to and no reason given for not filing it sooner. The parties had already held up the collection of the tax for more than a year after a part of the taxpayers had paid, and under the circumstances the court declined to allow a new issue to be made. This was certainly not an abuse of discretion. (4) We submit, however, that the amendment shows no sufficient reason for an injunction. The statute should not be construed as prohibiting the trustees from accepting a lot and building *as a gift*, although the title might be in some respects defective. It only contemplates that

in making a *purchase* the title must be good and we insist that having received the lot *as a gift* and occupied it for school purposes for more than twenty years, the title thereto can not now be put in issue.

### POINTS AND AUTHORITIES.

1. Jurisdiction of the appeal.   22 Ky. Law Rep., 829; 21 Ky. Law Rep., 792; 4 Metc., 204; Ency Plead. & Prac., vol. 1, p. 716.

2. The petition.   12 Ky. Law Rep., 719; Spelling on Injunctions, 982, 990; Ency. Plead. & Prac., vol. 10, pp. 827, 828; 90 Ky., 410; 80 Ky., 159; 21 Ky. Law Rep., 1205, 1206.

3. Ground relied on in brief.   12 Ky. Law Rep., 719; 16 Ky. Law Rep., 554; 19 Ky. Law Rep., 1422.

4. The question as to title.   Sec. 4437, Kentucky Statutes.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

On the 19th day of September, 1900, the trustees of school district No. 40 in Logan county levied a poll tax of $1 on each white male citizen over 21 years of age residing in the district, and 25 cents on each $100 worth of taxable property in the district, for the purpose of repairing and furnishing the district schoolhouse.   On the 20th of March, 1901, appellants, taxpayers residing in the district, brought this suit to enjoin the collection of this tax, on the ground that the county superintendent of Logan county had not notified the trustees of the district in writing that the schoolhouse or inclosure thereof had been condemned or needed repair; second, that there was no valid levy made by the trustees; and, third, that there was no necessity for the tax.   The answer of the trustees, filed on the 24th day of May following, traversed each and every material allegation of the petition.   And upon these issues the proof was taken, and shows that there was a substantial compliance by the trustees with the provisions of the statute regulating taxation of this kind.   It is clearly shown that the county superintendent notified the trustees in writing that the schoolhouse and furniture had been condemned;

that the trustees, in a regular meeting held for the purpose, made the levy, which was duly entered on the record book; that a treasurer was appointed, who executed bond to the board of trustees, and which was approved by the county judge, who caused to be transcribed from the assessor's books a list of the names of all persons and corporations liable to such tax, the amount of property owned by each, and the total tax due from each, etc.

On the 7th day of February, 1902, the plaintiffs tendered and offered to file an amended petition, in which they allege, in substance, that the defendant trustees did not hold the fee-simple title to the lot on which the schoolhouse sought to be improved was located as required by law, but that the title to the lot was held under a deed made on the 22d of November, 1899, by E. L. Ferguson and John Ferguson, her husband, to John G. Orndorf, Master of Emma Council No. 59, Jo. B. Jackson, High Priest of Whippowill Chap. 27, W. H. Mills, Master of Ansonia Lodge 275, F. A. M., and the trustees of District School No. 40; that the deed provided that the Masonic bodies should keep in repair one-half of the roof and the upper story, and the school district should keep in repair one-half of the roof and the lower story; and that, in the event the school district should vacate this property, the Masonic bodies should become the sole owners, and if the Masonic bodies should vacate the building, it should revert to the grantors, and further stipulated that when it did not conflict with the school, any religious denomination should have the right to use the school room for religious service, etc. The trial court, at the instance of the defendants, refused to permit the amended petition to be filed, and entered a judgment dissolving the injunction and dismissing the plaintiffs' petition.

Appellants failed to show the existence of any valid reason for enjoining the collection of the tax previous to the tender of their amended petition, and they were a little late in tendering their amendment. But in our view of the law it presents a valid and substantial reason for restraining the collection of the tax. Section 4437 of the Kentucky Statutes of 1899, which is a section of the common school law, provides: "In the acquisition of land as a site for a school house, the title thereof shall be made in fee simple to the trustees, and the titles to lands now used as sites for schoolhouses shall at the earliest possible time be perfected by the trustees and the county superintendent. Any reversionary interest in land now used as a site for a school house, shall not deprive the district school of other improvements thereon."

There can be no doubt that the statute contemplates that the trustees of a common-school district shall hold the fee-simple title to the land on which they are authorized to expend money, collected in the form of taxation from the people for the erection, maintenance, repair or improvement of a school building. It was intended that every facility for the proper conduct of the common school should be afforded; and that no person or corporation should hold any interest in the title to the school property, which would give them any claim to its use, control, or management, or which might in any wise affect or conflict with its use for school purposes. The title in this case does not come up to these requirements. Three distinct and separate lodges have vested interests therein, with a joint right to the use, control, and management of the property. In addition to this, all religious denominations are permitted to share in its occupancy. Whilst it is possible that there might be some saving in this arrangement at the start, it is evident

that, in the long run, complications might arise which would compel the abandonment of the use of the property by the common-school district. It is better that both the spirit and language of the statute should be observed, and that the common-school buildings should be devoted exclusively to the purposes for which they were intended.

The trial court erred in refusing to allow the amended petition to be filed, and for this reason the judgment is reversed, and the cause remanded for proceedings consistent herewith.

CASE 23—ACTION BY THE CONSOLIDATED BOAT STORE COMPANY AGAINST ALEXANDER MONTGOMERY ON A JUDGMENT RENDERED IN THE STATE OF OHIO.—MARCH 18.