## Terry et al. v. Rose et al.

(Decided Nov. 14, 1933.)

ROSE & STAMPER for appellants.
S. H. RICE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing in part and affirming in part.

On August 5, 1895, L. C. Rose and wife conveyed to the trustees of common school district No. 15 in Owsley county a half acre of land for a school site; the deed containing the following provision:

"To have and to hold the above described parcel of land and the use of said Spring unto the said parties of the second part and their successors so long as same are used and occupied for the purpose of a common school, and when abandoned for said use to revert to the parties of the first part."

Immediately after the execution of the deed a schoolhouse was erected on the lot, and from that time on the

house and lot were used continuously for school purposes until the fall of 1930, at which time the property was abandoned for school purposes, and the school house was removed to another site.

On August 25, 1916, L. C. Rose conveyed the land adjoining the school site to his daughter, Nannie J. Campbell.

On August 10, 1923, Nannie J. Campbell and her husband conveyed to George Terry a tract of land by deed containing the following provision:

"Thence S 9 W 3 poles to the place of beginning after excluding school house lot, containing 53 acres."

On November 3, 1930, and after the schoolhouse had been removed, the county board of education, in which was vested the control of the county school property and the county school funds, in consideration of $100, sold and conveyed the schoolhouse lot to George Terry.

This suit was brought by L. C. Rose, the original grantor, against George Terry, the Owsley county board of education, and its members, to set aside the deed from the board of education to Terry, and to recover the lot and the value of the schoolhouse removed. During the progress of the action, Nannie J. Campbell, to whom had been conveyed the land surrounding the schoolhouse lot, was made a party and asked for the same relief. On final hearing, the deed from the board of education to Terry was set aside and Nannie J. Campbell was adjudged the owner of the lot, but was denied any recovery against the county board of education for the school building or its value. Terry and the county board of education appeal, and from that portion of the judgment denying any recovery for the school building or its value, Nannie J. Campbell and L. C. Rose have prosecuted a cross-appeal.

In view of the conclusion of the court, only one of the grounds urged for a reversal need be considered. The statute in force at the time of the conveyance from Rose and wife to the trustees of common school district No. 15 in Owsley county provided:

"In the acquisition of land as a site for a schoolhouse, the title thereof shall be made in fee-simple to the trustees."

Ky. Stats. 1894, sec. 4437. Although it is the rule that the statute is binding on school trustees and the county board of education, which has taken their place, we have nevertheless held in numerous cases that where a third party conveys land for school purposes, and provides that the land shall revert to him in case it ceases to be used for such purposes, he may recover the land on the happening of that event, Dawson v. Trustees, etc., 115 Ky. 151, 72 S. W. 806, 24 Ky. Law Rep. 2027; Ritter v. Board of Education, etc., 150 Ky. 847, 151 S. W. 5, modified 151 Ky. 578, 152 S. W. 564; Breathitt County Board of Education v. Back, 214 Ky. 284, 283 S. W. 99; but we are not inclined to apply the same rule to the facts here presented. Joe Stepp testified that L. C. Rose was one of the trustees of common school district No. 15 during the year 1895. Although being unable to recollect who were the trustees at the time the deed was made, Rose admitted that he was "one of the trustees more or less all the time." Not only so, but on being asked, "You have in your possession the original deed, which is copied in the petition, to the tract of land in litigation, where did you get this deed?" said: "I had Ed. Hogg write it, and I guess I had it recorded and then took it and put it away with my papers until this confusion came up." Clearly Rose would not have had the deed recorded and have taken possession of it unless he had been one of the trustees at the time. It is therefore clear from the evidence that Rose was one of the trustees when the deed was made. Notwithstanding the fact that he received for the lot a valuable consideration consisting of $2.50 and another schoolhouse and site, and the further fact that as trustee it was his duty under the statute to see that a fee-simple title was conveyed to him and the other trustees, he had his lawyer prepare a deed providing for a reverter in case the lot was abandoned for school purposes, had the deed recorded himself, and retained it among his papers. In short, the case is one where Rose as an individual conveyed land to himself in his official capacity, and inserted a reverter provision prohibited by statute. Where that is true, the court will not lend its aid to the enforcement of the contract. The defense need not be pleaded. If at any time it appears in the progress of the action that the contract sued upon is one which the law forbids, the court will refuse relief. Bromley's

'Adm'r v. Washington Life Ins. Co., 122 Ky. 402, 92 S. W. 17, 28 Ky. Law Rep. 1300, 5 L. R. A. (N. S.) 747, 121 Am. St. Rep. 467, 12 Ann. Cas. 685; Howe v. Griffin, 126 Ky. 373, 103 S. W. 714, 128 Am. St. Rep. 296. In the circumstances neither Rose nor his daughter, who acquired title from him without valuable consideration, can enforce the reverter provision and recover the land on the ground that it was abandoned for school purposes. For the same reason neither can recover the school building or its value.

As the reverter provision is unenforceable, it results that the title to the lot remained in the county board of education and that it had the power to convey to Terry and pass a good title to him.

On the cross-appeal the judgment is affirmed, and on the original appeal the judgment is reversed, with directions to enter judgment in conformity with this opinion.