## Phipps v. Frances.
(Decided Feb. 9, 1937.)

DUNCAN & DUNCAN for appellant.

J. M. KENNEDY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Reversing.

In the year 1908 and some time previous thereto, the appellant was the owner of certain land in Wayne county, Ky., and on the 7th day of December, 1908, for a recited consideration of the sum of $15, she and her husband, Mac Phipps, conveyed to the trustees of the New Charity Baptist Church of Wayne County a certain portion of plaintiff's land containing approximately two acres. The deed contains this provision:

"To have and to hold the same unto the party of the second part as long as the same is used for church purposes. If it ceases to be used for said purposes, then it shall revert back to Martha E. Phipps and Mac Phipps and their heirs. The parties of the first part reserves unto themselves and their heirs all oil and mineral rights. * * *"

The trustees of the church entered upon the property conveyed and erected a church building thereon and used it for church purposes only until the year 1929, the body of a sister of appellant was buried on the premises described in the deed, and thereafter a number of other bodies were buried on the premises, and up to the time of the filing of this suit, in November, 1935, there had been about sixteen bodies buried there.

Plaintiff brought this suit seeking an injunction against the trustees of the church restraining them from burying or permitting other bodies to be buried on the premises. She pleaded the provisions of the deed, alleging that the property was conveyed for church purposes only, and alleged that they were violating the provisions of the deed by permitting the grounds to be used as a public burial ground, and that in the event the property should cease to be used for church purposes as provided in the deed, and a reversion thereby result to her and her heirs, the land would be worthless to them; and, further, that in the event they should desire to explore the land conveyed for oil and other minerals, they would be prevented from so doing because of the ground having been converted into a cemetery. She further alleged that the trustees of the church had caused to be published in a Wayne county newspaper of general circulation, notice to the effect that said land is open for burial purposes and that bodies will be received for burial on said land, and unless defendants are enjoined from continuing the use of said land for said purposes, she will suffer great and irreparable injuries and damage.

Defendants filed their answer admitting the deed and all its provisions as recited in the petition, but denied that they had converted the land into a cemetery or was using said land for burial purposes or caused any bodies to be buried thereon, or that they had published the notice set out in the petition, holding out said land as a public cemetery.

In paragraph 2 of the answer defendants alleged that at the time of the making and delivery of the deed by the plaintiff and her husband, it was the mutual understanding and agreement between the parties that the grounds conveyed were to be used for *all* church purposes, and that *all* church purposes included burial purposes, and that all parties knew that church purposes included burial purposes, and that it was the custom in the country that wherever a church was erected dead bodies were buried on church ground, and in pursuance to this understanding, some five or six years ago plaintiff dedicated said ground as a cemetery or burial ground by burying the body of her sister thereon, which was the first person buried there, and

thereafter a number of other bodies were buried on said premises to which plaintiff did not object and acquiesced therein, and by her acts in so doing she dedicated said land for burial purposes and she is now estopped from interfering with other people placing bodies in said cemetery.

Appellant, plaintiff below, filed a demurrer to paragraph 2 of the answer, which the court overruled. The issues were made and the evidence taken, whereupon the court entered the following separate findings of fact and law:

"The Court from the evidence in this case determines as a finding of facts that the plaintiff permitted the burial of the first person buried in the cemetery in question and that all other persons buried therein up to the time of the filing of this action were buried without any protest on the part of the plaintiff.

"The Court finds as a question of law that the acts of the plaintiff in this respect as set out in paragraph one hereof, amount to a dedication of the premises to the use of the general public as a burial ground and that she cannot now complain of its being so used."

The court entered judgment in accordance with the above findings and dismissed plaintiff's petition, and to reverse that judgment she brings this appeal.

The defenses relied on by defendant are: (1) Mutual agreement and understanding between the parties at the time the property was conveyed that it was to be used for burial purposes; (2) custom in that community that property conveyed, donated, or otherwise acquired for church purposes only (in the language of the deed in the present case) included burial purposes; and (3) dedication of the premises by plaintiff for burial purposes. We will discuss these points in the order named.

■ A written contract may be rescinded in toto by a subsequent oral contract, but it is the universal rule that a written contract cannot be modified, contradicted, or otherwise changed by oral testimony. It is presumed that the whole contract or agreement is included in the

written instrument, and if by mistake, fraud, or other cause the whole agreement is not included in the contract as written, the remedy is to have the written instrument reformed. This rule is fundamental and too well known to require citation of authority.

■ In view of the express provisions of the deed, it is doubtful that the averment, "that it was the custom in the country around and about these premises that wherever a church was erected dead bodies were buried on the church ground," is sufficient to constitute a defense; but conceding, without deciding, that it does so, defendants utterly failed by their evidence to establish this alleged defense. D. Dalton, one of the trustees of the church, testified as follows:

"Q. At that time, tell the court whether or not it was customary to have a burying ground with the church? A. Most churches do have them."

This evidence does not show that it was the custom in that community for churches to use church premises for a burial ground when such premises were conveyed, donated, or otherwise acquired by the church for church purposes only. So far as this evidence shows, it may be that the churches, referred to by the witness as having maintained burial grounds in connection with church premises, had the express right to do so under the deed of conveyance, dedication, or donation of the premises.

■ The court below found as a matter of fact that plaintiff permitted the burial of the body of her sister on the premises in question, and thereafter other bodies were buried there without any protest on the part of the plaintiff, and concluded as a matter of law that this amounted to a dedication of the premises as a public cemetery. We are unable to concur with the trial court that such acts on the part of the plaintiff amounted to a dedication of her property for a public use. Plaintiff testified that her sister expressed a desire to be buried on the premises in question and that she (plaintiff) neither expressly consented nor objected thereto. But for the purpose of this case if it be conceded that she expressly consented, such would not amount to a dedication of the premises for a public burial ground. A person may consent to a member of

his or her family being buried in their yard or garden, but in no light of reasoning could it be said that such act would constitute a dedication of such premises as a public cemetery or burial ground. Not only so, but even if one should consent to the burial of a person of no kin to them on their premises, such use of the premises would be a permissive one and would not constitute a waiver of their right to object to any other body being buried on the premises.

A dedication of property for a public use may be established by proof of acquiescence by the owner of the property in its use by the public, but in order to establish a dedication it is necessary to prove some act of dedication and the intention on the part of the dedicator to dedicate the property. 13 Cyc. 451.

In Wilson v. Pioneer Coal Co., 191 Ky. 408, 231 S. W. 37, 39, wherein the facts are very similar to the ones involved in the present case, we said:

"Nor is the fact that he buried his wife and two children on the hillside at the upper end of this small tract, and that plaintiff and her brothers buried him beside his wife when he died and have since permitted one other child to be buried there, and that one other person had been buried there without their knowledge or consent, any evidence of a dedication of even that portion of the tract on the hillside adjoining the old Lock graveyard, much less the piece of bottom land, upon which plaintiff is conducting a store in competition with defendant's commissary and about which the parties are really concerned."

There is no proof in the case at bar tending to show that appellant, plaintiff below, did any act indicating an intention to dedicate the premises for a burial ground. There is considerable proof by her and her witnesses that she objected to the burial of bodies on the premises in question, but there is other proof to the contrary which tended to show that she did not expressly object and perhaps passively acquiesced in such use of the premises. Viewing the evidence in the light most favorable to the appellees, defendants below, such acquiescence on the part of the appellant could not amount to a dedication of the premises, or

estop her from objecting to the burial of other bodies on the land and thereby convert it into a public cemetery. In Beall v. Clore, 6 Bush (69 Ky.) 676, it is held that if there is no other evidence of a dedication or grant that the presumption arising from the fact of acquiescence on the part of the owner in the free use and enjoyment of a road or way, such use should have been continuous for the usual or analogous period of limitation to bar the claim of the owner of the land and render the presumed dedication or grant effectual. See, also, City of Hazard v. Eversole et al., 237 Ky.. 242, 35 S. W. (2d) 313, and Harmon et al. v. Lay, 169 Ky. 132, 183 S. W. 459. In the latter case it is held that proof of an implied dedication must be clear and conclusive before the land of a citizen will be taken for a public use or without compensation. The last three cases cited above deal with questions of roads, streets, etc.; but the same principle of law is applicable to any purpose for a public use. A public cemetery is for the benefit of the public generally, and we see no reason why the same rule applicable to public roads and passways should not be applicable to the question involved in the present case.

It is insisted for appellees that the authorities supra, some of which were cited and relied on in appellant's brief, are not applicable to the question here involved because, it is asserted, appellant does not own the land in controversy. It is true that the appellees as trustees of the church own the surface of the land so long as it is used for church purposes only, but appellant reserved the oil, gas, and other mineral rights in the land, and she has the right, at any time she may desire, to enter upon the land and explore for oil and gas or other mineral substances. And furthermore, in the event the land should cease to be used for church purposes, it would revert to the appellant in fee. It is thus seen that she has an interest in the premises to which she is entitled to protection.

The facts disclosed by this record, viewed in the light of the authorities herein cited, constrain us to the conclusion that appellant is entitled to the relief sought.

Wherefore, the judgment is reversed and remanded for proceedings consistent with this opinion.