## Keeton v. Wayne County Board of Education et al.

June 10, 1941.

J. M. Kennedy and J. P. Harrison for appellant.

Duncan & Duncan for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

In May, 1895, M. N. Huffaker, who was then one of the trustees of School District No. 27, in Wayne County, conveyed to the District a small boundary of land located therein for a school site. The deed contained this provision:

> "To have and to hold to said second parties, their heirs and assigns, so long as used for educational purposes, but so soon as the public school site of said district is changed, the said land falls back to the donors, their heirs and assigns."

J. G. Keeton now owns the Huffaker land from which the school site was carved. In 1930, the Wayne County Board of Education ceased to use the land in question for school purposes, and sold it to R. W. Campbell. Campbell conveyed it to Ethel Bell, who in turn conveyed it to Herbert Young and Leila Young, who are now in possession of it. Keeton brought this action

against the Board of Education and the parties who have owned the land since its sale by the Board seeking to have it declared to be his by virtue of the aforementioned provision in the Huffaker deed. The trial court ruled against Keeton; hence this appeal.

The appellees rely upon the case of Terry v. Rose, 251 Ky. 314, 64 S. W. (2d) 909, 910. The situation in that case was that Rose, who was one of the trustees of School District No. 15, in Owsley County, in 1895, conveyed to the District in that year a school site, with a provision in the deed that, when the site was abandoned for school purposes, it was to revert to the grantor. There was in effect in 1895 a statute which provided:

"* * * In the acquisition of land as a site for a schoolhouse, the title thereof shall be made in fee-simple to the trustees * * *." Kentucky Statutes 1894, Section 4437.

Rose received another schoolhouse and site and $2.50 as consideration for the site. The Owsley County Board of Education abandoned the school site and sold it to Terry. Rose and his daughter, to whom he had conveyed the land from which the school site had been carved, then attempted to get the property back because of the reversionary provision of the deed. During the course of the opinion it was said:

"* * * Notwithstanding the fact that he [Rose] received for the lot a valuable consideration consisting of $2.50 and another schoolhouse and site, and the further fact that as trustee it was his duty under the statute to see that a fee-simple title was conveyed to him and the other trustees, he had his lawyer prepare a deed providing for a reverter in case the lot was abandoned for school purposes, had the deed recorded himself, and retained it among his papers. In short, the case is one where Rose as an individual conveyed land to himself in his official capacity, and inserted a reverter provision prohibited by statute. Where that is true, the court will not lend its aid to the enforcement of the contract. * * *"

The appellant insists that the Terry case is not controlling here, because Rose received a valuable consideration for the school site. It is said also that Huffaker received no consideration for his conveyance, but the

deed is not here and there is no allegation to that effect. The only basis for the contention is the use of the word "donors" in the deed heretofore quoted. Huffaker may or may not have received a valuable consideration. But aside from this, it is the view of the majority of the court that it was his duty under the statute heretofore mentioned to see that a fee-simple title was taken. We deem it unnecessary to enter upon a discussion of obvious reasons why a fee-simple title to a school site should be taken by school officials. No one would contend that school improvements should be placed upon property with a limited title. We do not think that the question of consideration was the controlling point in the Terry case.

Judgment affirmed.

Judge Thomas concurs in the conclusions reached, but on the ground that there was no showing of a lack of consideration.

Whole Court sitting.