# Young et al. v. Chesapeake & O. Ry. Co.

June 19, 1942.

J. A. Richards and J. Sidney Caudel for appellant.

G. C. Ewing, W. B. White, L. A. White and Hunt, Bush & Lisle, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

This action was instituted by appellee, the Chesapeake & Ohio Railway Company, against the appellants, the heirs of James Case, seeking to have its title quieted to a boundary of land in Bath county consisting of a strip 3171.4 feet long and 100 feet deep together with an adjacent strip 871.2 feet long and 100 feet deep. The strip last described composed two acres of land and for convenience will be referred to as the two acre tract, although all of the land was conveyed as one boundary. The railway company acquired title to whatever interest it has in the land through its predecessor, the Elizabethtown, Lexington and Big Sandy Railway Company, which in turn obtained its title by deed of the master

commissioner of the Bath common pleas court on behalf of the trustees and assigns and heirs at law of James Case, executed on the 8th day of May, 1889, pursuant to two judgments of that court, the second of which was entered to correct indefinite and uncertain directions contained in the first. Nothing but the judgments remain in the record of the action in the common pleas court and it is impossible to determine the nature of the action from the wording of the judgments. Appellee has been and is now using the strip 3171.4 feet by 100 feet as a right of way over which to operate its trains. For approximately 40 years it maintained a depot on the two acres tract, but razed it in the year 1932, and no depot has been built in replacement thereof.

Appellee alleged in its petition that it was the owner of the fee-simple title to the entire boundary of land and that appellants were wrongfully claiming that they are the owners in fee simple of a portion of the tract and have moved thereon a set of wagon scales, which they have refused to remove and which they insist, by reason of their alleged ownership, they are entitled to have remain on the land.

Appellants answered and alleged that the two acre tract had been abandoned by appellee and by reason of such abandonment it reverted to appellants as the only living heirs of James Case. The act of abandonment consists they allege in failure of the railway to maintain a depot on the two acre tract. The answer set out the deed of the master commissioner of the Bath common pleas court, and defendants filed in the record copies of the judgments in pursuance of which the deed was executed. The cause was submitted to the chancellor on demurrer to the answer as amended. The court sustained the demurrer, and, appellants refusing to plead further, judgment was entered declaring appellee to be the owner in fee simple of the entire boundary of land, and further declaring that appellants had no right, title, or interest to any of the tract. It further directed the defendants to remove the scales from the land. This appeal has been prosecuted from that judgment.

We deem it unnecessary, indeed improper, as will hereinafter be pointed out, to determine the question as to whether the appellee is the owner of the fee-simple title to the property or the owner merely of an easement therein, because of our conclusion that appellee, in legal

contemplation, has not abandoned the boundary for the purposes for which it was acquired. Although we have referred to the property in a manner which would indicate that there may be two tracts of land, actually there is only one boundary. While that portion of the tract which we have referred to as the two acre tract was the part of the boundary on which a depot was situate, there was no direction in the judgment under which the deed was executed that it should be used exclusively for that purpose or that the remainder of the tract should be used exclusively for the purpose of a right of way over which to operate trains of appellee. That being true, the failure to use a small portion of the boundary is not an abandonment of that portion. Before an abandonment can be deemed to have taken place at least a substantial portion of the tract, if not the entire boundary, must be abandoned. The tract of land was conveyed "For the purpose of the party of the second part, the said Elizabethtown, Lexington and Big Sandy Railway Company, establishing thereon a permanent depot for its railroad use and a right of way for the tracks of its railroad over and across the lands * * *." There is nothing in the deed or the judgment which shows an intention on the part of the parties that a forfeiture should take place in the event a depot was not maintained. If the deed and judgments could be said to be ambiguous or indefinite in that respect, an interpretation of the intention of the parties would be influenced by a general knowledge that the laying and maintaining of a track and the use of the right of way for that purpose is a necessary function in the operation of a railroad, while the building and maintaining of a depot is a mere incident thereto. So the main purpose to which the property was put was the operation of the railroad. If the deed is susceptible of the construction that, as a part of the consideration for the conveyance, appellee covenanted to perpetually maintain a depot on the property, its failure to do so would merely give rise to an action for breach of covenant against appellee. If a continuance of the purposes for which the boundary was acquired could be construed to be a subsequent condition of ownership (about which we specifically decline to express an opinion), a failure of that purpose will not be declared by the failure to maintain a mere incident to the purpose. That could only be effected, in this situation, by attempting to sell a part of the land, abandonment of the right of way, or pulling of the

tracks from the property. It may be that appellee contemplates erecting another depot on the land in question; it may be that it proposes to use the former depot site for a loading platform or for a spur or side track; and it is not unreasonable to imagine that either of such uses, if adopted, would be of more benefit to the community than maintaining a depot which rarely, if ever, would be used. We therefore conclude that if a forfeiture can ever be declared under the conveyance it was not effected by the abandonment of the depot. It was therefore proper for the special judge to sustain a demurrer to the answer and to render judgment that there had been no abandonment of the purpose for which the property was acquired. But, since the railway company may at some future time abandon its tracks or its right of way, and, since at such time the present heirs may not be in being and others may have acquired their alleged rights, the chancellor erred in declaring that appellee was the owner of the fee-simple title to all of the property.

Until an actual abandonment has been had the heirs of James Case are not vested with a reversion in the property; they have a mere possibility of reverter. In construing the deed most favorable to the contention of appellants appellee would have no less than a fee-simple title determinable upon an abandonment of the property but which has not occurred. If appellee does not have an absolute fee-simple title to the property, the heirs of the grantor do not succeed to any interest in the property until an actual abandonment has transpired and since this may never occur the reversion is a mere possibility.

As said in American Law Institute's Restatement of the Law on Property, Vol. 2, chapter 7, section 154, page 532:

"When the owner of an estate in fee simple absolute transfers an estate in fee simple determinable, the transferor has a possibility of reverter. A similar result follows in a state which permits the creation of an estate in fee simple conditioned, when the creator of such an estate had an estate in fee simple absolute prior to his transfer."

We have held that a possibility of reverter is not alienable. Walker v. Irvine's Ex'r, 225 Ky. 699, 9 S. W. (2d) 1020, 1025. The reason that it is not alienable is

that it is not a vested interest. It is, as its title connotes, a mere possibility. Obviously appellants may never be vested with a reversion but it is possible that others may be. Manifestly it would be improper to determine appellee's title to the property in this action, because the decision may never affect the appellants and, if given effect, may preclude persons who are not parties to the action from asserting their claim to the property in the event an abandonment should occur.

But appellants are not entitled to have the judgment reversed because the chancellor erroneously rendered a judgment on a question not necessary to a determination of the case. We therefore direct the court below to modify the judgment by eliminating therefrom its decision as to the quality of appellee's title. The judgment so modified will stand affirmed.

Whole court sitting.