# Getzug v. Work.

Feb. 9, 1943.

Ben D. Smith for appellant.

Duncan & Duncan for appellee.

OPINION-OF THE COURT BY VAN SANT, COMMISSIONER— Reversing.

Appellant and appellee entered into the following written contract:

"This contract made and entered into this the second day of May, 1938, by and between Max Getzug of Cincinnati, Ohio, party of the first part and C. M. Work of Monticello, Kentucky, party of the second part.

"Witnesseth

"For and in consideration of the sum of $1.50 per lineal foot the party of the second part agrees to drill a well for oil or gas for the party of the first part upon what is known as the L. A. Davenport lease on Beaver Creek near Sumpter, Wayne County, Kentucky.

"The party of the second part is to furnish all labor and machinery for the drilling of said well except the casing. The party of the first part to furnish all necessary casing which shall be in first class condition. Said well to be drilled through the Beaver sand to a strata commonly known as the Black shale, unless oil or gas is found in paying quantities at a lesser depth.

"The party of the first is to place Thirteen hundred (1300.00) dollars in the Monticello Banking Company to insure the faithful performance of this contract upon the part of the party of the first part. Said sum of money to remain in said bank until said well is completed under the terms of this contract. When said well is completed then said Bank is to pay to the party of the second part for the drilling of said well at the rate of $1.50 per lineal foot for the number of feet actually drilled by the party of the second part.

"The party of the first part agrees to advance to the party of the second part the sum of $100.00 to be used in paying the expenses of moving the machine of second party to the location where said well is to be drilled. If a second well is drilled upon said lease the party of the second part agrees to drill said well at the same price for which the first well is being drilled, and the hundred dollars advance payment is to be credited on the cost of the drilling of the second well, should a second well be drilled.

"The party of the second part agrees to commence the drilling of said well within one week from this date and prosecute said work with due diligence until said well is completed.

"Max Getzug
"C. M. Work."

The contract was complied with by both parties in every respect. After the well was completed, there remained on the leasehold the casing referred to in the agreement. At appellee's instance, appellant gave the former authority to remove the casing from the leased premises and later instructed him to sell it, offering him a commission for doing so. About six months after appellee took possession of the casing, appellant telegraphed him to advise whether he could dispose of the casing, and if not, appellant contemplated placing it in the hands of the Monticello Banking Company. In answer to the telegram, appellee, for the first time, informed appellant that he was holding the casing as security for a claim he asserted against appellant for damages for the breach of a verbal contract to drill three more wells for him. Appellant then instituted this suit seeking to recover the casing, or its value, and asking for damages for its wrongful detention in the sum of $200.

By way of setoff, appellee asserted his claim for breach of contract alleging, and testifying on the trial, that the written contract filed with the petition did not constitute the whole agreement between the parties; that the whole agreement was to the effect that appllee should drill four or five wells for appellant under the same terms and conditions set out in the written agreement, but they reduced only a part of the agreement to writing with the understanding that upon completion of the first well, they would enter into a written contract for the drilling of the second well, and, upon completion of each subsequent well, they would enter into a written agreement concerning the drilling of the next well. He admitted that he owed appellant the sum of $300 representing the actual value of the casing but denied that he had wrongfully withheld the property. The testimony in respect to the verbal contract was admitted in evidence, over appellant's objection, to the ruling of the court on which, appellant saved exceptions.

It is now insisted that the testimony was incompe-

tent, and that there was no competent evidence offered by appellee in defense of the action. It will be noted that the written contract contains a provision which manifestly shows that there was no binding agreement on the part of appellant to drill more than the one well, which was the subject matter of the writing. That provision is in the following words:

> "*If a second well is drilled upon said lease* the party of the second part agrees to drill said well at the same price for which the first well is being drilled, and the hundred dollars advance payment is to be credited on the cost of drilling of the second well, *should a second well be drilled.*" (Our emphasis).

Therefore, any verbal testimony offered concerning a verbal contract entered into, previous to the written contract, to the effect that the drilling of more than one well was agreed to by the parties is inconsistent with the terms of the writing and amounts to an attempt to vary the terms of the written agreement, which we have consistently held may not be done. There is no allegation or suggestion that appellant was guilty of fraud in procuring the signature of appellee to the contract, or that a mutual, or any, mistake was made in the preparation of the writing. Under these circumstances, where the writing itself appears to be complete and entire and its terms are not ambiguous or vague, it is the duty of the court to apply the rule that a written contract cannot be varied, modified, or controlled by prior verbal statements or stipulations. Hartford Mill Co. v. Hartford Tobacco Warehouse Co., Ky., 121 S. W. 477; Phipps v. Frances, 267 Ky. 203, 205, 101 S. W. (2d) 924; Kreitz v. Gallenstein, 170 Ky. 16, 185 S. W. 132, 133. In the Kreitz case, supra, the court said:

> "* * * it is elementary that when parties have deliberately reduced their agreement to writing, and the writing purports on its face to contain the entire contract, its terms cannot be varied, altered, added to, or taken from by parol evidence, in the absence of a claim that either by mistake or through fraud something has been inserted in the writing, which was not a part of the contract, or something omitted therefrom, which was a part of the contract.

> * * * A mere allegation that a contract was made, a part of which was reduced to writing, does not make

parol evidence of its contents admissible. * * * The writing in the case at bar, on its face does not indicate that it is only a part of the contract. It seems to be a complete and entire agreement. Its terms are not ambiguous, and there is no difficulty in discovering from it the intentions of the parties. In the absence of a claim of fraud or mistake, parol evidence is inadmissible to contradict, vary, or alter its terms, or to add to it something not contained in it."

The parol evidence rule is admitted by appellee but he earnestly contends that the facts of this case fall under an exception to the rule, because the written agreement is not at variance with the verbal agreement he is attempting to establish. A casual reading of the writing refutes this argument and is a complete answer thereto. Nor do the facts of this case come within the exception recited in 32 C. J. S., Evidence, page 933, sec. 970, where it is said it has been held that parol evidence may be introduced to prove that one of the parties was induced to execute the written contract in reliance on an oral agreement or stipulation made simultaneously therewith, where there has been an attempt to make a fraudulent use of the written instrument in violation of a verbal agreement. It is unnecessary for us to examine the soundness of this exception, because there is no evidence in the case that appellant is attempting to make a fraudulent use of the written contract. He is merely suing to recover the value of the casing both parties admit he owned. We are of the opinion that the court erred in admitting the testimony concerning the verbal agreement it is alleged was entered into previous to the execution of the written contract. Purged of this testimony, the record fails to disclose any evidence in defense of appellant's claim or in support of appellee's setoff, and appellant's motion for a directed verdict should have been sustained.

The judgment is reversed for proceedings consistent with this opinion.