## Murray Hospital Ass'n v. Mason et al.

December 19, 1947.

Ira D. Smith, Judge.

Wells Overbey for appellant.

R. Hall Hood for appellees Dr. Ora K. Mason and Patricia Mason Drake.

Boyd & Boyd for appellee Jefferson Standard Life Ins. Co.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

On the thirty-first day of March, 1931, Dr. William H. Mason and his wife, appellee, Dr. Ora K. Mason, conveyed to appellant, an eleemosynary corporation

which they had formed and which was then known as the William Mason Memorial Hospital Association, a certain tract of land in Murray upon which had been constructed a valuable hospital. The deed contains a covenant that the property should revert to the grantor and his heirs, with the right in them to immediately enter and possess the property, (1) in the event the grantee should sell or otherwise dispose of the property, or any part thereof, during the lifetime of the grantor, except in the manner provided in Paragraph 3, which is the paragraph which contains the covenant; or (2) in the event the property should cease to be used as a hospital or infirmary. Paragraph 3 permits the grantee to execute a mortgage on the property in good faith for the purpose of obtaining funds to operate and maintain the hospital and infirmary service, or for extensions thereto on the site conveyed; and this is the disposition of the property which constitutes an exception to the prohibition of sale or other disposition.

In the grantor's lifetime, and while he was President of the Corporation, appellant in good faith executed and delivered a mortgage on the property to appellee, Jefferson Standard Life Insurance Company. The corporate name and seal were affixed to the instrument by Dr. Mason as President, and it was attested by the Secretary of the Corporation. Both Dr. Mason and his wife, Dr. Ora K. Mason, joined appellant in the execution of the mortgage for the purpose of relinquishing their reversionary interest in the property in the event that it should become necessary for the mortgagee to foreclose its lien. They specifically recited that, in the event of foreclosure, the purchaser at the sale should receive a fee-simple title to the property free of any reversionary interest which otherwise might attach or be created. After the execution of the mortgage, to-wit, in December, 1941, Dr. Mason died, and is now survived by his wife and their daughter, appellee, Patricia Mason Drake.

In this action the Jefferson Standard Life Insurance Company petitioned the Court for judgment against appellant in the sum of $21,960, with interest from the first day of January, 1947, and asked that it be adjudged to have a lien superior to all others on the

property, and that it be sold, free of lien and reversionary rights, to satisfy the mortgage debt. Other creditors filed claims which, when added to the mortgage debt, amounted to the sum of $66,500.

Neither appellant nor the individual appellees offered defense to the action, and the individual appellees did not assert their right to a reversionary interest in the property. The Court adjudged the Jefferson Standard Life Insurance Company to have a first lien on the property to secure its debt of $21,960 with interest, and ordered the property to be sold by the Master Commissioner to satisfy the debt. The Master Commissioner was further directed to execute a deed conveying a fee-simple title to the purchaser at the sale.

Prior to the sale all of the directors and members of the Board of Constituency of appellant resigned, a new Board of Directors and new Board of Constituency previously having been elected. Thereupon the name of the corporation was changed from the "William Mason Memorial Hospital Association" to "Murray Hospital Association," and it became the purchaser of the property at the decretal sale for the sum of $66,500. The new boards are composed of citizens of Calloway County, and have pledged themselves to operate the hospital on a non-profit basis with an open staff. Citizens of Calloway County have pledged themselves to donate $50,000 to help refinance the corporation.

After the sale, appellant refused to accept the Master Commissioner's deed, upon the ground that a fee-simple title to the property can not be conveyed, because, it contends, the covenant in the deed from Dr. Mason created a possibility of reverter which would vest in Dr. Mason's heirs, whoever they may be, if at some future time the property should cease to be used as a hospital or infirmary; and since the limitation on the title is a mere possibility of reverter, the present heirs may not waive such limitation, because they may not, whilst others may, be the ones who will fall heir to the reversionary estate upon the happening of the condition which would create it. Appellees insist that the Master Commissioner can convey a fee-simple title, because the limitation referred to is a condition subsequent, in contradistinction to a condition precedent or

a conditional limitation, and the right to the reversion vested in the individual appellees upon the death of Dr. Mason. They further argue that, since it is a vested interest, and they were made parties to the suit and consented that the fee-simple title might be sold and conveyed, they have waived their right to the reversion, as they had the legal right to do. The Court overruled the exceptions to the Master Commissioner's report, confirmed the sale, and from that order the appeal has been taken.

Whether the clause in the deed which otherwise would place a limitation on appellant's fee-simple title to the property is a conditional limitation, condition precedent, or condition subsequent, is not material in the circumstances of this case. If it should be a conditional limitation or a condition precedent, the grantor during his lifetime could, as he did by executing the mortgage, release the limitation, American Law Institute's Restatement of the Law on Property, Vol. I, Secs. 45 and 58, and Vol. II, Sec. 159, although his heirs after his death could not. Young et al. v. Chesapeake & Ohio R. Co., 291 Ky. 262, 163 S. W. 2d 451. If it should be a condition subsequent, either the grantor during his life, or the immediate heirs after his death, had the power, which both have exercised, to release the limitation. KRS 381.210; and Fayette County Board of Education et al. v. Bryan et al., 263 Ky. 61, 91 S. W. 2d 990. It is true that the grantor, by executing the mortgage, and the heirs by refusing to assert a claim to the reversionary estate in this action, have released the limitation on appellant's title for the sole purpose of permitting the mortgage to be foreclosed and the property to be sold to satisfy appellant's lien, but it is for that purpose only that the sale was ordered; and the disposition of the proceeds of sale over and above the amount required to satisfy the debt of the Jefferson Standard Life Insurance Company is not before us for determination.

But aside from all this, the deed creating, or providing for the creation of, the estate in reversion likewise provides for its defeasance if it should become necessary, as it was, to sell the property to foreclose a mortgage executed in good faith. Thus, from every

approach the view is the same. The Chancellor correctly·determined that the deed of the Master Commissioner conveys a fee-simple title to the property.

The judgment is affirmed.