**AUSTIN et al. v. CALVERT et al.**

Court of Appeals of Kentucky.

Dec. 11, 1953.

W. D. Gilliam, Scottsville, for appellants.

Noel F. Harper, Scottsville, for appellees.

DUNCAN, Justice.

On April 11, 1913, F. L. Austin and wife conveyed to the Allen County Board of Education approximately one acre of land in Allen County, the deed to which contained the following provision:

"and said land reverts to the donor when it ceases to be used for a school house"

By mesne conveyances from F. L. Austin, the appellees, N. P. and Myrtie Calvert, became the owners on July 6, 1921 of a 29¾-acre boundary which included the schoolhouse tract. The one-acre tract was abandoned by the Board of Education in

1951. Thereupon, the present controversy arose between the heirs of F. L. Austin and N. P. Calvert and wife concerning the ownership of the abandoned land. The lower court found for the Calverts, and the Austins have appealed.

Appellants contend that the provision in the deed from F. L. Austin and wife to the Board of Education created nothing more than a possibility of reverter in Austin, which, being a mere contingency, is not considered an interest in land and cannot be aliened or sold. Appellees, without attempting to define the interest originally retained by the deed to the Board of Education, rely on KRS 381.210 as authorizing the conveyance in any event.

█ The definitions which have been used by courts and text writers in defining a possibility of reverter are so numerous and technical in the use of the terms employed that they are more confusing than helpful. In Walker v. Irvine's Ex'r, 225 Ky. 699, 9 S.W.2d 1020, 1025, it was defined as "an estate after an estate terminable by special or collateral limitations". It is described in American Law Institute's Restatement of the Law on Property, Volume 2, Chapter 7, Section 154, Page 532, as the estate which remains in the grantor "when the owner of an estate in fee simple absolute transfers an estate in fee simple determinable." The latter definition was quoted with approval by this Court in Young v. Chesapeake & O. Ry. Co., 291 Ky. 262, 163 S.W.2d 451. In Fayette County Board of Education v. Bryan, 263 Ky. 61, 91 S.W.2d 990, 991, an interest identical to that originally retained by F. L. Austin was described as a "possibility of reversion."

█ At common law, a true possibility of reverter was not alienable. The reason given in support of the rule was that it is not a vested interest. It was considered, as its title connotes, a mere possibility which may or may not ripen into the right of re-entry. 33 Am.Jur., Section 209, page 691, Life Estates, Remainders and Reversions. In Walker v. Irvine's Ex'r, su-

pra, and Young v. Chesapeake & O. Ry. Co., supra, we indicated that a possibility of reverter was not alienable although neither of the cases turned upon that point. On the other hand, we have indicated in a number of cases that an interest identical to that involved here could be conveyed although the distinction between the terms "possibility of reverter" and "reversion" was not urged or called to our attention. Fayette County Board of Education v. Bryan, supra; Board of Education for Jefferson County v. Littrell, 173 Ky. 78, 190 S.W. 465; King v. Wurts, 227 Ky. 705, 13 S.W.2d 1043; Keeton v. Wayne County Board of Education, 287 Ky. 174, 152 S.W. 2d 595; and Phipps v. Frances, 267 Ky. 203, 101 S.W.2d 924.

We think a good deal of the confusion disappears and it is apparent that the distinction between a reversion and a possibility of reverter becomes immaterial when we consider the provisions of our statutes on the question of ownership and conveyance of property. KRS 381.040 provides that any estate may be made to commence in the future by deed in like manner as by will and any estate which would be good as an executory devise or bequest shall be good if created by deed. KRS 381.210 provides that rights of reversion may be sold and conveyed and that the purchaser thereof shall be vested with all the privileges and advantages which attach to the estate in the hands of the reversioner.

█ The United States Court of Appeals for the Sixth Circuit, in Kentucky Coal Lands Co. v. Mineral Development Co., 295 F. 255, in construing these statutes, upon the authority of Nutter v. Russell, 3 Metc. 163, held that every conceivable interest in or claim to real estate, whether present or future, vested or contingent, may be disposed of by deed. We think the result reached by the Federal Court was inescapable, and we concur with its construction of the statutes involved.

█ For the reasons indicated, it becomes unnecessary to determine whether or

not the estate remaining in the grantor after execution of the deed to the Board of Education was a possibility of reverter or a reversion. The schoolhouse tract passed under the deed to the Calverts and the Chancellor correctly adjudged title in them.

The judgment is affirmed.