HICKS *et al. v.* JOHN TREDERICKS.

EJECTMENT. *Limitation. Adverse possession. Pleadings and practice.* To countervail superior paper title, the adverse possession must have been actual by fences, enclosures or buildings, where the land is capable of such possession, and where it is not, such fact must be averred in pleading. Such acts as cutting timber, grazing cattle, erecting hog-pens, are illusory and insufficient.

FROM MARION.

Appeal from the Chancery Court at Jasper. W. M. BRADFORD, Ch.

FOSTER V. BROWN for complainant.

W. D. SPEARS for defendant.

FREEMAN, J., delivered the opinion of the court.

This is a bill by the heirs of Stephen Hicks, for recovery of upwards of twelve hundred acres of mountain land, to which respondent sets up claim as owner.

It is conceded that complainant's title papers give

the superior right, which is sought to be obviated by respondent, claiming under a younger grant, by adverse possession for sufficient length of time to perfect his title under the statute of limitations.

The statement on which this defense is made is as follows: That "he has owned the land for almost, if not quite twenty years, and has a grant for the same." He then, in denial of the charge of the bill that he had never had possession of the land, says: "Respondent is now, and has been for the last fifteen or sixteen years, in actual adverse possession of said land, using it for the purpose of grazing and for timber, and for the last five or six years he has had a house on the same, and enclosures kept up continually, claiming all the time in his own right, by virtue of his grant."

This statement of the facts relied on as constituting his possession means, when fairly construed, that the respondent had grazed his cattle on the land, had used timber on it, but had no actual occupation of it, until the last five or six years, when he had built a house on it, enclosed a part of it and kept up the enclosures, claiming under his grant.

By this statement of facts he is bound. We might dispose of the case here, for conceding this entire statement to be true, it does not constitute such a state of facts as would give the protection of the statute.

The general rule, as stated by McFarland, J., in *Pullen* v. *Hopkins*, 1 Lea, 744, is that "actual possession for seven years is necessary to give the younger

Hicks *v.* Tredericks

grantee the better title under our act of 1819, and actual possession is generally understood to mean an enclosure by buildings, fences, or other similar improvements." The respondent not only shows that he has not had such possession, but that in his judgment the land is capable of and fitted for actual possession in the way indicated, by the fact that he has within the last five or six years before this litigation, so actually occupied it. In order to make the facts stated a defense at all, he should have stated that the land was not of such a character as to admit of any more permanent occupation, and this was the only use for which it was properly adapted. He rebuts this view by his own statement.

On looking to the testimony, the respondent fails entirely to make out such state of facts as would give him the benefit of the statute, even if he had set them up sufficiently in his answer. The nearest to an occupation of the land shown is, that he built a hog-pen, four square as it is termed, that is, of the width each way of the rails—say ten feet—and at some time had fed his hogs in the pen. This, we need not say, would not be such an open and notorious possession or of such a character as to meet the demands of the statute. Such an occupation would, on such a tract of land, not be a real *bona fide* possession, notifying the owner of an adverse claim and occupancy. This is too clear for argument.

The result is, the chancellor's decree is reversed, and a decree will be rendered in favor of complainants with costs.