## Damron, et al. v. Justice.

(Decided January 12, 1915.)

### Appeal from Pike Circuit Court.

1. Easements—Obstruction—Evidence.—In an action to enforce a right of passway to a graveyard, evidence examined and held to sustain the finding of the chancellor that the passway was obstructed.

2. Easement—Obstruction—Action to Enforce—Cost.—Where plaintiff is compelled to bring an action in order to enforce his right of passway to a graveyard, he is entitled to recover of defendants the cost of the action, including the cost of laying off the half-acre of ground including the graveyard, and establishing a route thereto.

3. Easements—Passway—Gates—Erection, Maintenance, Closing and Fastening—Duties of Owner of Passway and Owner of Servient Estate.—Where a deed reserving a passway to a graveyard contains no stipulation to the contrary, it is not error to impose on the owner of a passway the duty of erecting, maintaining, closing and fastening the gate leading from the public road to the passway.

4. Deeds—Exception—Construction.—Under a deed of conveyance excepting therefrom one-half acre of land at the grave, including the graveyard, with privileges of passing to and from said graveyard, the land excepted can be used only for graveyard purposes.

J. S. CLINE for appellants.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming on original and cross-appeals.

On March 25, 1887, James A. Justice and wife conveyed to Eliza Ratliff a tract of land located in the county of Pike. The deed, after describing the land conveyed, contains the following provision:

"Excepting one-half acre of land at the grave, including the graveyard, with privileges of passing to and from said graveyard; unto the second party, her heirs and assigns forever, together with all its appurtenances thereunto belonging, except the said half an acre at the graveyard, to her heirs and assigns forever."

Subsequently Eliza Ratliff married A. J. Charles, and she and her husband conveyed the property to Florence Charles Damron, the deed to take effect upon their death.

Alleging that he was the owner of one-half acre of land, including the graveyard, and of a right of passway to and from the graveyard, and that the defendants, Luther Damron, Florence Damron, and A. J. Charles, had wrongfully obstructed his passway by building a barbed-wire fence, plaintiff, J. A. Justice, brought this action against the defendants to enforce his right of passway to and from the graveyard, and to have laid off to him one-half acre of ground at the graveyard. On final hearing the chancellor adjudged that plaintiff was entitled to have laid off for graveyard purposes alone one-half acre in a square including the graveyard. Commissioners were appointed to survey and locate the half acre of ground, the site for a gate, and the route from the graveyard to the public road. Plaintiff was authorized to erect a gate leading from the public road. The duty of maintaining, closing and fastening the gate was imposed on him. From this judgment the defendants appeal and the plaintiffs prosecute a cross-appeal.

One of the main contentions of defendants is that, as plaintiff owns land adjoining the land of defendants, and it is practicable for him to go over his own land and then go over defendants' land for only a short distance in order to reach the graveyard, he should not have been adjudged a passway from the public road, but only from the nearest point on his own land. We see no merit in this contention, for the passway was not made to depend upon the ownership of the adjoining land, or made appurtenant thereto. The right of passway was entirely independent of the adjoining land. Though plaintiff might sell the adjoining land, he would still have the privilege of going to and from the graveyard over the land of the defendants.

The evidence shows that the graveyard is about 200 yards from the public road. There had been a passway from the public road up to the graveyard. Defendants built a barbed-wire fence obstructing plaintiff's ingress and egress along this route. Defendants insist that they offered plaintiff another route to the graveyard, which, though somewhat longer, was altogether practicable and feasible. This plaintiff denies. On the question of obstruction we see no reason to disturb the finding of the chancellor, and since plaintiff was forced to bring the action in order to enforce his right of passway, and succeeded in establishing his claim, it was proper that the

costs of the action, including the cost of laying off the half-acre of ground and establishing the route to the graveyard, should be adjudged against defendants.

The court did not err in imposing on plaintiff the duty of erecting, maintaining, closing and fastening the gate at the public road. The deed contains no stipulation to the contrary, and, in the absence of such stipulation, those duties devolve upon the owner of the passway. 14 Cyc., 1210; Rowe v. Nally, 81 Md., 367, 32 Atl., 198; Brill v. Brill, 108 N. Y., 511, 15 N. E., 538; Maxwell v. McAtee, 9 B. Mon., 20, 48 Am. Dec., 409.

Plaintiff also insists on his cross-appeal that he should have been adjudged the title to the half-acre of ground without any restriction as to its use. If plaintiff's title be absolute, it follows, of course, that he may not only abandon the graveyard and still retain the possession of the right of way to it, but may sell it and convey it to strangers to be used for that or any other purpose. This construction of the deed cannot be sustained. Considering its language, and the circumstances of the parties, we think it clear that the intention of the parties was to indicate with reasonable certainty the purpose for which the half-acre was excepted. While it may be true that the title to the half-acre remains in plaintiff, yet the parties had a right to annex a condition to its use and enjoyment. In the case of Brown, &c. v. Anderson, 88 Ky., 577, where similar language was employed, we so ruled; and that case cannot be distinguished from this. It follows that the chancellor properly adjudged that the half-acre of ground excepted from the provisions of the deed should be laid off to the plaintiff for use only as a graveyard.

Judgment affirmed, both on original and cross-appeals.