## Rose v. Rose et al.

March 2, 1951.

W. R. Prater, Judge.

Moss Noble for appellant.

Leeburn Allen for appellees.

CLAY, COMMISSIONER—Affirming.

The Chancellor enjoined appellant from interfering with appellees in burying their dead, conducting memorial services, and maintaining a graveyard located on property owned by him. Appellant has failed to file a bill of exceptions with the record on appeal, and consequently we cannot consider the transcript of evidence, which was not certified by the lower Court.

The petition alleges that appellees are brothers of appellant. Prior to his death, their father conveyed a tract of land to appellant. Included in the boundary was a graveyard of about one acre.

The petition alleges appellant knew of this graveyard; knew that it was being used for the burying of dead; and that the father and mother of the parties, with many friends and relatives, are buried there.

It was further alleged that appellant within the last five years, has prohibited and prevented appellees from entering the graveyard for any purpose.

We think the petition alleges sufficient facts to show the graveyard had been dedicated for family use, and that appellant had full knowledge of its dedication when he acquired the property. The pleadings were sufficient to support a finding by the Chancellor that appellees had a right to use this graveyard for its proper purpose, and that appellees were entitled to the relief granted.

The judgment is affirmed.