**Edgar R. GROUND, Appellant,**

v.

**James E. HARMON et al., Appellees.**

Court of Appeals of Kentucky.

June 8, 1956.

Rodes K. Myers, Bowling Green, for appellant.

G. D. Milliken, Jr., Bowling Green, for appellees.

MONTGOMERY, Judge.

Appellant sought a declaration of rights to ingress and egress over appellees' land from the nearest public road to a family cemetery located on appellees' land. He also asked a determination of the right to maintain the roadway and to a suitable parking space on the burying ground. The action was prosecuted on behalf of appellant, individually, and on behalf of the other heirs of Robert Ground, deceased, and the heirs of all other persons buried there. Relief was denied on the ground that appellant already had access to the cemetery by means of a roadway which had been established by long usage.

Appellees are the owners of a tract of farm land which was a part of a larger body of land owned by Robert Ground and his wife. Ground died prior to 1922. The Ground lands were divided among the heirs by deeds made in 1922 and 1931, which reserved a graveyard containing about one-half acre "with right of access thereto" or "with the right of ingress and egress thereto and therefrom".

A 48-acre tract which contained the graveyard and the old home place was conveyed jointly to Oma and Phoebe Ground, two of the daughters. This tract of land was adjacent to the Cole's Bend Road and did not touch the Hydro-Three Forks Road upon which other of the Ground land fronted. Appellees have owned since 1946 that part of the land upon which the graveyard is located. Maxey Ground now owns the tract where the old home is located. The body of land divided was located between the two public roads.

Appellant contends that there is no established road to the graveyard and that inasmuch as the tract conveyed to Oma and Phoebe Ground is adjacent only to the Cole's Bend Road, the reservation of access entitles him to access to the graveyard from that road over the land of appellees. Appellees contend that the reservations in the deeds refer to an old established road extending from the Hydro-Three Forks Road to the graveyard.

The cemetery has been used for the burial of members of the Ground family and some outsiders for more than fifty years. Appellant sought to show that the graveyard had been dedicated and used as a public cemetery for many years. His proof showed that there was no established, well-defined, passable way of access to the graveyard. Entry had been had from the Hydro-Three Forks Road and from two or three places on the Cole's Bend Road, including the Boatman Gate and at a point between two walnut trees.

Appellees' proof showed that for many years the members of the Ground family used an established road running from the Hydro-Three Forks Road through the Pleas Ground Gateway over the lands now owned by Pleas Ground and Maxey Ground and across a part of appellees' land to the cemetery. It was shown that this was the only recognized road when the deeds containing the graveyard reservations were executed by the members of the Ground family.

The Chancellor found that: (1) the roadway from the Hydro-Three Forks Road to the cemetery had been established by long usage; (2) appellant had access to the cemetery by this road; and (3) appellees had not interfered with appellant's use and access to the cemetery by way of the established road or with appellant's use of the cemetery.

Appellant and others who had relatives buried in the graveyard were adjudged to have the right to use the Hydro-Three Forks Road to the cemetery and to improve and repair the roadway so as to afford reasonable and comfortable access to the graveyard. The Chancellor's findings of fact and conclusions of law are amply sustained by the proof, and we find no error in them. CR 52.01. There is no inconsistency between the judgment and the cases of Damron v. Justice, 162 Ky. 101, 172 S.W. 120, and Rose v. Rose, 314 Ky. 761, 237 S.W.2d 80, relied upon by appellant.

Judgment affirmed.