James STOKER, Petitioner,

v.

Champ C. BROWN and wife, Velma T. Brown, Respondents.

Supreme Court of Tennessee.

July 9, 1979.

Harry Max Speight, Dresden, for petitioner.

Charles H. McWherter, Martin, Allen J. Strawbridge, Jr., Dresden, for respondents.

OPINION

BROCK, Justice.

This class action was filed on behalf of persons who have relatives buried in a private cemetery in Weakley County. The plaintiffs sued to enjoin the defendants from cultivating or trespassing upon a tract of land which they claim is a private cemetery.

The tract, which measures 28 × 4 poles (462 × 66 feet), is adjacent to a farm which the defendants, Velma and Champ Brown, acquired in 1960. The Browns have grazed cattle or raised bean crops on the disputed tract since acquiring title, the first crops being planted in the early 1970s. This dispute arose when some members of the class drove across the cultivated field to reach gravesites enclosed by an iron fence. The area enclosed by the fence measures 36 × 48 feet. The defendants allege that the plot enclosed by the fence is the whole cemetery; the plaintiffs claim that the entire 28 × 4 pole area constitutes the cemetery. The defendants deny that there was a dedication of the entire tract for cemetery purposes and, alternatively, claim that they have acquired title to all but the 36 × 48 feet fenced plot by adverse possession.

The Chancellor granted to the plaintiffs the relief sought. The Court of Appeals reversed, holding that the Browns did, by adverse possession, acquire title to all of the 28 × 4 pole area except the 36 × 48 feet area enclosed by the iron fence. The case was remanded for establishment of a right of way to the existing gravesites.

The questions raised for review by certiorari are:

(1) Whether there was a dedication of the larger tract for use as a burial ground;

(2) Whether the Browns have acquired title by adverse possession to all of the disputed area except the fenced in smaller plot.

■ The defendants argue that dedication of the property for use as a cemetery has not been shown. Ordinarily, dedication is considered to be the intentional appropriation by the owner of land for use by the public. McKinney v. Duncan, 121 Tenn. 265, 118 S.W. 683, 684 (1909); Varallo v. Metropolitan Government, 508 S.W.2d 342 (Tenn.App.1973); 14 Am.Jur.2d Cemeteries § 15 (1964); 16 Am.Jur.2d Dedication § 15 (1964). In Bunns v. Walkem Development Co., 53 Tenn.App. 680, 385 S.W.2d 917 (1964), the Court held that there could be no dedication of property to the use of private persons, as distinguished from the public at large.

■ Nevertheless, in this State and others it has long been recognized that the owner may, without using a deed, "set apart" a portion of his land for use as a family cemetery. Hines v. State, 126 Tenn. 1, 149 S.W. 1058 (1911); Frost v. Columbia Clay Co., 130 S.C. 72, 124 S.E. 767 (1924); Meadows v. Edwards, 116 S.W.2d 831 (Tex. Civ.App.1938); Benn v. Hatcher, 81 Va. 25; Grinestaff v. Grinestaff, Ky., 318 S.W.2d 881 (1958); Rose v. Rose, 314 Ky. 761, 237 S.W.2d 80 (1951); Heiligman v. Chambers, Okl., 338 P.2d 144, 75 A.L.R.2d 583 (1959). Perhaps inaccurately, this has often been referred to as a "dedication."

In Hines v. States, supra, this Court said that express reservation of an existing private burial ground was unnecessary; that a reservation was implied and that the presence of gravestones, etc., was evidence of the cemetery's existence. The Court spoke of the land as being "dedicated" to family burial purposes. The Court said that the graves were there to be seen and, thus, the purchaser was charged with notice of the "dedication" to burial purposes.

In the case at bar, the existing graves are enclosed by a fence but the plaintiffs claim that the tract "dedicated" as a cemetery extends beyond the confines of the fence. It is not denied that the area enclosed by the fence is a cemetery. The question is whether proof of the consistent exclusion of the 28 × 4 pole tract from conveyances of the farm over a period of at least eighty years, coupled with reference to a graveyard in each deed in the chain of title, is sufficient to prove a "dedication" or appropriation of the tract for burial purposes.

Eight deeds were made part of the record in this case. The earliest conveyance is dated August 18, 1899, and transfers from J. J. Roberts, et ux., to J. G. Stoker a farm, described, in part, as follows:

"Beginning at a stake at n. e. corner of said JJ Roberts original tract and s. e. corner of Widow Chandler's land and runs west with said Chandler's land 140 poles to a stake with white oak pointers; then south 18½ poles to post oak in Jas Hilliard's north line, then east with Hilliard's line 23 poles to a stake in pub. road. Then south with pub. road 39 poles to stake in road, *thence east 28 poles passing just north of the graveyard in the field; thence south 4 poles to a stake, thence west 28 poles to a stake in the road*; thence south with road 38½ poles. . ." (Emphasis added.)

Note that this description in Roberts' conveyance omits a tract which measures 28 × 4 poles and refers to a "graveyard in the field."

The same property was conveyed from Stoker to J. G. and Irene Stoker in 1906. Again, the 28 × 4 pole area is omitted from the conveyance and reference is made to a graveyard in the field.

When the same farm was conveyed in 1929, the 28 × 4 pole area was again carved out in the description as follows:

". . . with Road south 57½ poles to a stake in road; N.W.C. Roberts Graveyard, then east 28 poles to N.E.C. Roberts graveyard. Then south 4 poles S.E.C. graveyard; then west 28 poles to road S.W.C. graveyard; . . . ."

It will be noted that reference is made to the corners of "Roberts Graveyard," a tract 28 × 4 poles. The earlier conveyances, although excluding or omitting the 28 × 4 pole tract, had not described all of it as the graveyard. This basic description making reference to the four corners of the graveyard is utilized in all subsequent deeds including that to the defendants.[1]

■ Although the last burial in this cemetery took place in 1926, the entire 28 x 4 pole area has been consistently excluded from conveyances of the farm. In *Bowen v. Hooker*, 237 Ark. 250, 372 S.W.2d 257 (1963), the court, discussing the preservation of a private cemetery, said that the absence of recent interments does not constitute abandonment. We agree. It is not clear from the record how long the existing gravesites have been enclosed by the iron fence, although the evidence does indicate that the iron fence was not erected by Mr. Brown or his immediate predecessor in title who acquired the farm in 1942.

■ We conclude that the omission of the 28 × 4 pole tract from all deeds of conveyance since 1899 and the reference in each deed to the graveyard, taken with the presence of some graves, is sufficient to establish that the entire 28 × 4 pole tract was retained in trust and set aside, or "dedicated," as a cemetery.[2]

■ The final question is whether the defendants have acquired the land set aside for burial purposes by adverse possession. The defendants have cultivated the disputed tract only since the early 1970s. Prior to that time it was used as a pasture. They also allege that their predecessors in title used the tract for such purposes. Upon this basis, they ask the Court to hold that they have acquired title by adverse possession. Occasional grazing and cultivation are insufficient to establish adverse possession. *Cusick v. Cutshaw*, 34 Tenn.App. 283, 237 S.W.2d 563 (1949), citing *Hicks v. Tredericks*, 77 Tenn. 491 (1882); *Pullen v. Hopkins*

---

1. The defendants' deed, however, omits the call connecting the northeast and southeast corners of the graveyard. Obviously, this was an oversight. The deed to the Browns refers to the northwest, northeast and southwest corners of the graveyard. Since the northwest and southwest corners are obviously different points, the description does not constitute a straight line, as suggested by the Court of Appeals.

2. For a discussion of the status of the title to property dedicated for cemetery purposes and a delineation of the relative rights of the dedicator and those entitled to use the land as a place of burial, see *Hines v. State, supra*; 14 Am.Jur.2d *Cemeteries* § 16 (1964).

& Clark Co., 69 Tenn. 741 (1878). Moreover, the express exclusion of this tract from every conveyance in the past eighty years conclusively demonstrates that the various owners of the surrounding farm, the defendants and their predecessors, were making no claim, adverse or otherwise, to this cemetery tract. The evidence is wholly insufficient to show an acquisition of title by adverse possession. The Court of Appeals erred in holding to the contrary. As soon as the defendants made a hostile claim, those entitled to burial brought this action.

The judgment of the Court of Appeals is reversed and that of the trial court is affirmed. The cause is remanded to the trial court for enforcement of the decree. Costs are taxed against the defendants.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.

