AT & T WIRELESS PSC, INC., Appellant,

v.

CITY OF INDEPENDENCE, Kentucky; Kenton County & Municipal Planning and Zoning Commission; and The Highland Cemetery, Appellees.

No. 2000–CA–001059–MR.

Court of Appeals of Kentucky.

Dec. 21, 2001.

**610**

Harry D. Rankin, Holland N. McTyeire, V, Greenbaum, Doll & McDonald PLLC, Covington, Catherine Blue, Chief Counsel Land Use, AT & T Wireless Services, Paramus, NJ, for Appellant.

Peggy Murphy Barker, Thomas C. Lyons, Jeffrey W. Ruple, Murphy & Lyons, PSC, Covington, for Appellee City of Independence.

David A. Schneider, Debra S. Pleatman, Ziegler & Schneider, PSC, Covington, for Appellee Kenton County & Municipal Planning & Zoning Commission.

No brief for Appellee The Highland Cemetery.

Before: KNOPF, SCHRODER, and TACKETT, Judges.

KNOPF, Judge:

AT & T Wireless PSC, Inc. (AT & T Wireless) appeals from a declaratory judgment and injunction of the Kenton Circuit Court prohibiting it from building a wireless communications facility on an undeveloped parcel of land owned by and adjacent to a cemetery. This matter concerns the interpretation of KRS 381.690, which requires cities to protect burial grounds within their limits from use as building sites. AT & T Wireless contends that the trial court erroneously interpreted KRS 381.690 and that the statute does not prohibit construction of the facility. We find that the trial court's interpretation of KRS 381.690 was correct and that the injunction was appropriate. Hence, we affirm.

The Independence Cemetery is located at 5388 Madison Pike, Independence, Kentucky. The property consists of a 67 acre tract of land located within the City of Independence.[1] Independence Cemetery Company filed its original articles of incorporation in 1886 and filed revised articles in 1983. In 1987, Independence Cemetery merged with the Highland Cemetery. The merged company, Highland Cemetery Association, is a Kentucky nonprofit corporation.[2]

In 1996, Highland Cemetery purchased two tracts of land for the purpose of expanding the Independence Cemetery. These tracts are located to the south of the existing cemetery. Highland has not developed or sold gravesites on either of these tracts.

---

1. Independence is a third-class city located in Kenton County, Kentucky. KRS 81.010(3).

2. The original Highland Cemetery was incorporated on March 6, 1869.

In 1998, AT & T Wireless [3] entered into an agreement with Highland Cemetery to lease a 4,900 square foot section of the recently acquired portion of the Independence Cemetery. AT & T Wireless intends to erect a wireless communications facility (WCF) on the leased property. The WCF consists of a 285–foot tower, an unmanned prefabricated equipment building (12 feet by 20 feet), an access road with turnaround, and a perimeter fence enclosing the leased area. The proposed WCF is approximately 2,000 feet east of Madison Pike and approximately 1,400 feet south of Hartland Boulevard. The closest headstone is approximately 1,035 feet away from the proposed WCF, and the area planned for expansion of gravesites in the cemetery is approximately 1,312 feet away. Highland Cemetery has no plans to expand into the area leased by AT & T Wireless for at least the next hundred years.

On December 11, 1998, AT & T Wireless filed an application with the Public Service Commission (PSC) to construct and operate the proposed WCF. Pursuant to KRS 100.987, AT & T Wireless provided a copy of the application to the Kenton County & Municipal Planning and Zoning Commission (the Planning Commission). The Planning Commission forwarded the application to the Northern Kentucky Area Planning Commission (NKAPC) [4] for review by the staff, hearings, and a recommendation. The NKAPC staff initially recommended approval of the application. However, the staff amended its recommendation after its counsel stated his opinion that KRS 381.690 prohibited construction of the WCF on Highland's property. On January 27, 1999, the NKAPC conducted a public hearing and reviewed the application. Following the hearing, the NKAPC recommended that the Planning Commission deny the application in light of its counsel's opinion.

On February 11, 1999, the Planning Commission conducted its own public hearing and reviewed the application and the recommendation of the NKAPC. The Planning Commission concluded that the proposed WCF would not violate KRS 381.690 because Highland Cemetery had no plans to use that portion of its property for burial grounds within the foreseeable future. However, the Planning Commission did require AT & T Wireless to move the location of the proposed WCF approximately 150 feet to the southwest, to a point with the same or higher base elevation as the original location. The Planning Commission concluded that this change in location would reduce the effect of the noise from the WCF on the adjacent residential properties.

On February 24, 1999, the City moved to intervene in the action pending before the PSC. The PSC permitted the City to intervene on March 1, 1999. However, the PSC subsequently determined that it had no authority to review the Planning Commission's recommendation.

On March 3, 1999, the City filed an appeal from the Planning Commission's approval of AT & T Wireless's application. Subsequently, the City filed an amended complaint to state a zoning appeal under KRS 100.347 and a declaratory judgment action. On July 12, 1999, AT & T Wireless filed motions for declaratory and summary judgment, asserting that KRS 381.690 is

---

**3.** AT & T Wireless is a Delaware corporation and a wholly-owned subsidiary of AT & T Corporation. AT & T Wireless is authorized to do business in Kentucky, and has a license from the Federal Communications Commis-

sion to provide personal communications services in Kentucky.

**4.** The NKAPC is an area planning commission established pursuant to KRS 147.620.

not applicable, and that the trial court did not have jurisdiction to hear an appeal under KRS 100.347 from the Planning Commission's recommendation to the PSC. The Planning Commission joined in the motions.

Following resolution of the jurisdictional question in the appeal,[5] the trial court considered the issue presented in the declaratory judgment action. In an order entered on February 2, 2000, the trial court found that KRS 381.690 prohibits construction of the WCF on any property within the cemetery. Thereafter, the trial court entered an amended judgment enjoining AT & T Wireless and Highland Cemetery from building the WCF. AT & T Wireless now appeals.

■ The primary issue presented in this appeal concerns the application of KRS 381.690, which provides as follows:

> Whenever any burial grounds lie within the corporate limits of a city the governing authorities of the city shall protect the burial grounds from being used for dumping ground, building sites, playgrounds, places of entertainment and amusement, public parks, athletic fields or parking grounds.

The facts with respect to this issue are not in dispute, and the trial court's judgment was based strictly on its construction of KRS 381.690. Because the construction and application of a statute is a matter of law, our consideration of this issue is *de novo*, in the sense that we owe no deference to the trial court's interpretation.[6] Nonetheless, we find that the trial court's reading of the statute is correct.

AT & T Wireless first asserts that the term "burial grounds" does not include all property owned by a cemetery. Rather, it takes the position that only land which has been expressly set aside or used for burial purposes should be considered burial grounds. The area where the proposed WCF will be located has not been developed for burial plots, nor is it within 1,000 feet of any portion of the cemetery which has been developed.

The term "burial grounds" is not expressly defined in KRS Chapter 381. However, KRS 381.710 relates to evidence indicating that land has been set aside for burial purposes.[7] The statute provides that the fact that a part of all of the grounds has been used for burial purposes shall be such evidence. Furthermore, the fact that graves are not visible on any part of the grounds shall not be construed as evidence that such grounds were not set aside and used for burial purposes.

KRS 381.710 implies that if any part of the grounds are used for burial purposes, the entire grounds will be presumed to be used for burial purposes. AT & T Wireless argues that no portion of the two tracts of land purchased in 1996 have ever been used for burial purposes. As a result, AT & T Wireless contends that the

---

5. On October 6, 1999, the trial court granted partial summary judgment for AT & T Wireless and the Planning Commission. The court found that KRS 100.347 does not permit an appeal from the Planning Commission's recommendations made to other governmental bodies. The City filed a notice of appeal from the trial court's partial summary judgment finding that it lacked jurisdiction to review the Planning Commission's recommendation to the PSC. Appeal No. 2000–CA–001144. However, on November 6, 2000, this Court granted the City's motion to dismiss the appeal. This appeal is taken from the trial court's declaratory judgment entered on February 2, 2000, and its amended judgment and injunction entered on April 6, 2000.

6. *Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth*, Ky., 983 S.W.2d 488, 490 (1999).

7. *Grinestaff v. Grinestaff*, Ky., 318 S.W.2d 881, 885 (1958).

presumption set out in KRS 382.705 does not apply.

Nevertheless, the parties agree that the two tracts are a part of the Independence Cemetery. The language in KRS Chapter 381 indicates that the term "cemetery" contemplates places where dead persons are buried.[8] The term "burial grounds" is more expansive than the word cemetery. But a "cemetery" necessarily includes burial grounds. Consequently, we find that all portions of the Independence Cemetery should be considered burial grounds.

We do not suggest that the presumption created by KRS 381.710 can never be rebutted. However, the evidence does not support the inference that the property at issue was not intended for use as a cemetery. Indeed, Highland Cemetery purchased these tracts for the purpose of expanding the Independence Cemetery.[9]

AT & T Wireless next argues that the City need not prevent construction of the WCF to comply with KRS 381.690. It notes that the statute requires the City to "protect" burial grounds from certain enumerated uses, but it does not require the City to prohibit those uses. Since the Planning Commission moved the proposed WCF further from the active portions of the cemetery, AT & T Wireless contends that the City has sufficiently complied with KRS 381.690. Along a similar line, AT & T Wireless points out that there are other utilities and buildings which are located on the grounds of the cemetery. As a result, it contends that the trial court's interpretation of KRS 381.690 is unreasonable because it would prevent the construction of any of these buildings or utilities.

■ Neither argument bears up to close scrutiny. First, KRS 381.690 requires the City to "protect the burial grounds *from being used for* ... building sites." *(Emphasis Added)*. This statute sets out a clear public policy which prevents the use of burial grounds for purposes which are unrelated to burial of the dead.[10] As a general rule, cemetery grounds may be used for uses or purposes which are related to the cemetery's purposes.[11] There is no factual dispute that the buildings and utilities on the property are incidental to the cemetery's operation. In contrast, the proposed WCF has no relation to the cemetery's operation.

■ Lastly, AT & T Wireless argues that its WCF is not a "building site" prohibited by KRS 381.690. AT & T Wireless notes that it is a "utility" within the definition of KRS 278.010(3)(e), and that the WCF is a "facility" used in connection with the business of a utility.[12] AT & T Wireless contends that KRS 381.690 does not expressly prohibit a facility such as the WCF on cemetery property.

We disagree. KRS 381.690 clearly prohibits burial grounds from being used for building sites. Arguably, the 285–foot

---

**8.** *Loid v. Kell,* Ky.App. 844 S.W.2d 428, 431 (1992).

**9.** Although the issue is not properly before this Court, we question whether Highland Cemetery is authorized under its articles of incorporation to purchase real property for any other reason than for cemetery purposes. Furthermore, if some of the property owned by a cemetery were considered non-burial grounds, then such property would likewise not be exempt from taxation under *Ky. Const.* § 170.

**10.** *See Cave Hill Cemetery Co. v. Gosnell,* 156 Ky. 599, 161 S.W. 980, 983 (1913).

**11.** 14 Am.Jur.2d *Cemeteries* § 25, p. 571 (2000).

**12.** KRS 278.010(9) (now 278.010(11)).

tower may not be considered a "building site" for purposes of the statute. However, the WCF also includes a prefabricated equipment building. Consequently, we conclude that the WCF is a "building site" within the meaning of KRS 381.690. The trial court acted properly when it enjoined AT & T Wireless from constructing the WCF on Highland Cemetery's property.

Accordingly, the declaratory judgment and injunction entered by the Kenton Circuit Court are affirmed.

ALL CONCUR.