LAMBERT, J., JUDGE:
Carlin Robbins and Rebecca Lutz appeal from the opinion and order of the Fayette Circuit Court dismissing their claim against the Lexington-Fayette Urban County Planning Commission (and its members) (collectively referred to as the Planning Commission) and New Cingular Wireless, PCS, LLC d/b/a AT & T Mobility (AT & T). We affirm.
Although this appeal turns on statutory interpretation, a brief recitation of the facts and procedural history is necessary to the understanding of this decision. On August 21, 2014, AT & T filed for permission to construct a cell phone tower at 302 Southland Drive in Lexington, Kentucky, in a neighborhood zoned as B-1 (Neighborhood Business). Pursuant to Kentucky Revised Statute (KRS) 100.9865(12), contiguous landowners and landowners within 500 feet of the proposed tower were duly notified of the application. The Hill 'N Dale Neighborhood Association (of which Robbins and Lutz are members) opposed the tower as inappropriate, unnecessary, and damaging to property values.
In the next several months, studies were done, meetings were held, and reports *296 were filed. A public hearing was conducted on December 11, 2014. The Planning Commission, through its minutes, approved the cell tower application.
On January 12, 2015, Robbins and Lutz appealed the Commission's decision by filing their complaint in the Fayette Circuit Court. Named as defendants were the Planning Commission, its members, and AT & T. Oleika Shriner's Temple, the property owner upon whose land the tower would be situated, was not named as a party. The Planning Commission and AT & T moved to dismiss the complaint for failure to name an essential party. KRS 100.347(4) ; Kentucky Rules of Civil Procedure (CR) 1(2). The Fayette Circuit Court conducted a hearing on March 9, 2015. All parties argued their respective positions, and the circuit court took the matter under submission. The circuit court rendered its opinion and order dismissing the complaint on March 30, 2015, and Robbins and Lutz appealed.
Robbins and Lutz correctly state that our standard of review is a question of law, not fact: "The question of jurisdiction is ordinarily one of law, meaning that the standard of review to be applied is de novo ." Appalachian Regional Healthcare, Inc. v. Coleman , 239 S.W.3d 49, 53-54 (Ky. 2007) (citations omitted).
Robbins and Lutz argue two issues on appeal, the first of which is whether the circuit court erred in holding that KRS 100.987 did not provide for an independent grant of authority to appeal separate and apart from KRS 100.347. We begin by laying out the pertinent parts of the statutes in question. KRS 100.347 (entitled, "Appeal from board of adjustment, planning commission, or legislative body action; final action defined") states:
(2) Any person or entity claiming to be injured or aggrieved by any final action of the planning commission shall appeal from the final action to the Circuit Court of the county in which the property, which is the subject of the commission's action, lies. Such appeal shall be taken within thirty (30) days after such action. Such action shall not include the commission's recommendations made to other governmental bodies. All final actions which have not been appealed within thirty (30) days shall not be subject to judicial review. Provided, however, any appeal of a planning commission action granting or denying a variance or conditional use permit authorized by KRS 100.203(5) shall be taken pursuant to this subsection. In such case, the thirty (30) day period for taking an appeal begins to run at the time the legislative body grants or denies the map amendment for the same development. The planning commission shall be a party in any such appeal filed in the Circuit Court.
....
(4) The owner of the subject property and applicants who initiated the proceeding shall be made parties to the appeal. Other persons speaking at the public hearing are not required to be made parties to such appeal.
(5) For purposes of this chapter, final action shall be deemed to have occurred on the calendar date when the vote is taken to approve or disapprove the matter pending before the body.
And KRS 100.987(10) (pertaining specifically to cellular antenna towers but within KRS Chapter 100-"Planning and Zoning") states: "A party aggrieved by a final action of a planning commission under the provisions of KRS 100.985 to 100.987 may bring an action for review in any court of competent jurisdiction." The latter statute, Robbins and Lutz argue, which makes no mention of the property owner, should be *297 controlling in this situation. We cannot agree.
Robbins and Lutz, in their circuit court action, specifically referred to KRS 100.347(2), in tandem with KRS 100.987(10), in their complaint and appeal to the circuit court, stating in same: " KRS 100.347(2) provides that, generally, appeals of planning commission decisions [are] taken in the 'Circuit Court of the county in which the property lies.' "
Robbins and Lutz are not entitled to shop, cafeteria style, for statutory provisions that suit their needs. As the Fayette Circuit Court noted in its decision, Robbins and Lutz "agree that KRS 100.347(2) confers jurisdiction and venue in Fayette Circuit Court but dispute that the procedural requirements of KRS 100.347(2) must be followed to vest jurisdiction. However, [Robbins and Lutz] concede that there are no procedural requirements set forth in KRS 100.987."
Robbins and Lutz were aware, well before and certainly at the Planning Commission hearing in December 2014, of the property owner's identity, yet they chose not to name Oleika Shriner's Temple as a party to the complaint and appeal filed 30 days later. Their citation to KRS 100.347 in that document indicates their knowledge of such a requirement. The omission was fatal to their cause of action, and the Fayette Circuit Court correctly ruled that it was.
Neither the circuit court nor we can find case law directly on point. We agree with the circuit court's logic that, since cases citing KRS 100.987 as a cause of action include the property owner as a party to the action (and none of the property owners sought dismissal as an unnecessary party), that statute contemplates inclusion of same as a jurisdictional requirement for appeal. See Hampson v. Boone Cty. Planning Comm'n, 460 S.W.3d 912 (Ky. App. 2014) ; AT & T Wireless PSC, Inc. v. City of Indep. , 63 S.W.3d 609 (Ky. App. 2001). "The statutes discussed in this opinion are ... part of the law of Kentucky, duly enacted by the General Assembly and the only logical inference that can be drawn from them places [an] obligation upon" Robbins and Lutz to include Oleika Shriner's Temple as a party to the appeal. Virgin Mobile U.S.A., L.P. v. Com. ex rel. Commercial Mobile Radio Serv. Telecommunications Bd. , 448 S.W.3d 241, 249 (Ky. 2014).
Robbins and Lutz also argue that the trial court erred in not granting leave to amend their complaint to include the property owner. They cite CR 19.01 in support of this argument. However, we agree with the Planning Commission and AT & T that "[t]he civil rules do not apply in this type of litigation until after the appeal has been perfected. CR 1 ; KRS 100.347(2)." Board of Adjustments of the City of Richmond v. Flood , 581 S.W.2d 1, 2 (Ky. 1978). "Consequently, one of the conditions precedent to the exercise of judicial power by the circuit court was not met and it was required to dismiss the appeal for want of jurisdiction." Id.
The order of the Fayette Circuit Court is affirmed.
ALL CONCUR.