RENDERED: FEBRUARY 9, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0606-MR

KATHY SPRADLIN; ABBY KING;
ANDREW WELLS; ANGELA DIXON;
ARVIL KING; BETTY BOYD;
BOBBY SPRADLIN; BRITNI
STEPHENS; CARL KING; CATOSHA
M. SMITH; CHRISTY TUCKER;
COLE WOOD; DALLIS STEPHENS;
DAVID TRANNELL; DONNA KING;
EDWARD L. DIXON; FRANK
YOUNG; JACK SPRADLIN; JENNY
D. STEPHENS; JUDY ANDERSON;
JULIANA STEPHENS; KENNA
YOUNG; KYLE TUCKER; LINDA
GRIMES; LOIS J. TRAMMEL;
MEGAN PRIVETT; MICHELE
STEPHENS; MICHELLE KING;
MISTY PRIVETT; NATASHA
STEPHENS; PAT SPRADLIN;
RANDALL THOMPSON; ROGER
PRIVETT; STORMI KING; AND
TERESA STEPHENS WILLIAMS                          APPELLANTS


                    APPEAL FROM MCCREARY CIRCUIT COURT
v.                  HONORABLE DANIEL BALLOU, JUDGE
                    ACTION NO. 20-CI-00009


DEBRA SPRADLIN; DENZIL LEON
TAPLEY; AND JOSIE MARIE
TAPLEY                                            APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, GOODWINE, AND LAMBERT, JUDGES.

COMBS, JUDGE: This appeal involves a dispute over rights to real property upon which a cemetery is located.

The Appellees, Josie Marie Tapley and Dennis Tapley, have legal title to -- and are in the actual or constructive possession of -- a tract of land (the property) located in McCreary County, Kentucky, pursuant to a Deed of Conveyance dated September 7, 2018. The property had been conveyed by a Deed of Conveyance to Jesse Privett in 1949. Jesse Privett died testate on May 6, 1988, bequeathing a life estate in the property to his children -- with the remainder in fee simple to the survivor of them. Josie Tapley is the last surviving child of Jesse Privett.

On January 16, 2020, the Plaintiffs[1] filed a complaint in McCreary Circuit Court against the Tapleys and their daughter, Debra Spradlin. According to the complaint, the "Jesse Privett Cemetery" is located on the property. The cemetery has been in existence since at least 1983 and was created by a

---

[1] The original Plaintiffs -- now the Appellants -- are numerous. The original Defendants -- now the Appellees -- are also quite numerous. Therefore, we refer to them in this Opinion by those group designations rather than by their proper names in order to avoid confusion.

predecessor to the Tapley Defendants. The complaint alleges that each of the named plaintiffs has "relatives, loved ones and friends buried in the Privett cemetery." Plaintiffs alleged that in approximately May 2019, the Defendants, primarily Debra Spradlin, had interfered with the "rights and privileges of the plaintiffs," having "taken it upon herself to become the 'caretaker' of said cemetery and to dictate rules and regulations regarding the access and use of the cemetery by the plaintiffs . . . ." The Plaintiffs asked the court to restrain Defendants from interfering with the Plaintiffs' rights and privileges concerning visitation, access, and use of the cemetery.

On February 5, 2020, Defendants filed an answer and a counterclaim to quiet title and to seek a declaratory judgment that the cemetery is a private family cemetery and that, therefore, the Plaintiffs' rights with respect to the cemetery -- if any -- are subject to limitations under applicable Kentucky law.

Ultimately, the Defendants filed a (renewed) motion for summary judgment on January 6, 2023.

On January 26, 2023, the trial court entered a Judgment and Order. On February 1, 2023, the Defendants filed a motion to reconsider. On March 6, 2023, the Plaintiffs filed a response to Defendants' motion to reconsider, which was heard on March 27, 2023.

On April 18, 2023, the trial court entered detailed Findings of Fact,

Conclusions of Law, and Judgment on Defendants' motion as follows:

> Defendants have legal title to, and are in the actual and constructive possession of[] a tract of land situated in McCreary County, Kentucky . . . .
>
> . . .
>
> To date, the parties have exchanged written discovery in this case, the responses to which demonstrate that the facts of this case are uncontroverted. Plaintiffs have produced no affirmative evidence that they have any right, title, or claim in and to the property or the cemetery by any recognized doctrine for acquiring an interest in real estate under Kentucky law. Specifically, Plaintiffs have offered no evidence that they have acquired any interest in the cemetery under a written instrument, and Plaintiffs have repeatedly admitted by their pleadings that all previous burials in the cemetery have occurred with the permission of the landowner.
>
> . . .
>
> There are only certain recognized legal doctrines for establishing an interest in real estate under Kentucky law, namely establishing superior paper title or establishing title acquired through adverse possession. . . . Under the statute of frauds, "no estate of inheritance or freehold, or for a term of more than one (1) year, in real property shall be conveyed, except by deed or will." KRS 382.010. In the case of a cemetery, a person wishing to establish a right to future burials must either prove that they acquired the right [to] do so under a written instrument, or that they acquired the right to do so by prescription. *See Grinestaff v. Grinestaff*, 318 S.W.2d 881 (Ky. 1958). It is a well-settled proposition of Kentucky cemetery law that even long, continued,

-4-

permissive use of a private cemetery does not create a permanent right to use that cemetery for burials. *Id.* Dedication is defined as: "the intentional appropriation of land by the owner to some proper **public** use." *Id.* "There is no such thing known to the law as the dedication of land to an individual for private use." *Id.* Accordingly, the right to burial in a private cemetery cannot be established or acquired by dedication. Absent the grant of a specific right to use a private cemetery in the future for burial of family members (without the permission of the landowner), long, continued, permissive use of a private cemetery **DOES NOT** give family members the right to appropriate a part of a family cemetery for their own burial purposes, because there can be no dedication of land to a private purpose. *Id.*

(Emphasis original.)

Noting the "remarkably similar facts" between *Grinestaff*, *supra*, and the case now before us, the trial court explained that Plaintiffs had "the initial burden of proof" to establish that they enjoy a right to conduct future burials. It also held that "it is undisputed that Plaintiffs have not furnished any proof that they have acquired an interest in the cemetery by way of a written instrument, and it is admitted that all previous burials . . . have been done with the permission of the [previous] landowner." The trial court ordered:

A. That numerical paragraphs 10 and 11 of the Court's Judgment and Order entered on January 26, 2023, are hereby amended to state as follows:

**10. Future burials shall be permitted within the cemetery in issue only with the written permission of Defendants, their heirs, successors, and assigns.**

-5-

**11. The cemetery in issue is located upon land owned by the Defendants and it is a private cemetery**.

B. That this is a final and appealable judgment and there is no just cause for delay.

(Emphasis original.)

Plaintiffs (Appellants now before us) have appealed, contending that the trial court erred in holding that the cemetery is a private cemetery and in restricting future burials by requiring written permission. The standard governing our review is *de novo*. *Ladd v. Ladd*, 323 S.W.3d 772, 776 (Ky. App. 2010).

Appellants' attempts to distinguish *Grinestaff* are unpersuasive. In *Grinestaff*, the plaintiffs were the owners of a tract of land. Their predecessor in title, T.S. Grinestaff, had a brother, Roscoe. In 1915, Roscoe's son died and was buried on T.S.'s tract of land. T.S. fenced off a plot around the grave, and ever since 1915, it had been used as a cemetery. The arrangements between T.S. and Roscoe -- if any -- were unknown.

> Forty-one persons have since been buried in this plot. Several were members of the T. S. and Roscoe Grinestaff families, although some were not relatives. With the exception of one of the defendants' relatives . . . all persons were buried in this graveyard only by permission of T. S. and his lineal descendants.
>
> . . .
>
> . . . The issue presented is whether or not defendants [Roscoes's descendants] have an absolute right to continue to bury their dead in this cemetery, and

-6-

particularly the exclusive right to bury their dead in the section of the cemetery which they marked off shortly before this suit was filed.

By answer the defendants claimed the rights above mentioned on two grounds: (1) adverse possession, and (2) dedication by the original owner. The plea of adverse possession was not established. . . .

*Grinestaff*, 318 S.W.2d at 882-83.

The former Court of Appeals of Kentucky explained that the term "dedication" is defined as "the intentional appropriation of land by the owner to some proper public use." *Id.* at 833. Thus, it reasoned that "[t]here is no such thing known to the law as the dedication of land to an individual for private use." *Id.* It continued as follows:

In *Potter v. Mullins*, 267 Ky. 822, 103 S.W.2d 274, 276, we said:

'But to make a valid dedication[,] an intention to appropriate the right to the general use of the public must exist. If it confer a right of way, the way becomes a common highway and is not a private passway. A private passway cannot be created by dedication. So when the appropriation is for the use of particular persons only, and is made under circumstances excluding the presumption that it was intended for public use, it will not amount to a dedication.'

Recognizing this principle, it seems settled that the right of burial in a private cemetery cannot be established or acquired by dedication. . . .

. . .

> A rejection of the claim of dedication in this case is not a matter of semantics. The law simply does not recognize that a private person may acquire an interest in land by virtue of the acquiescence of the owner (which may be sufficient to create a public right). We must bear in mind that we are not concerned with what prerogatives defendants have with respect to existing graves, but are considering their claimed right to the use of other land adjacent thereto. Such a private absolute privilege of burial in this particular cemetery must be founded upon some title or right recognized by law. 14 C.J.S. Cemeteries § 31, p. 90.

*Id.* at 883-84. The Court concluded "that the defendants have acquired no interest in plaintiffs' land which would give them a right to use it in the future for burying members of their family (without the permission of the owners)[.]" *Id.* at 885.

In the case before us, Appellants argue that "[f]irst and foremost, [it] was never contended or established that prior to the [Tapleys'] ownership . . . that permission was ever required or granted . . . to have individuals buried within the cemetery. Rather, burials of loved ones . . . were carried out . . . without consulting or seeking permission from anyone." In that same vein, they note that "[i]t cannot be emphasized enough that permission was never required nor obtained for burials to take place in the cemetery . . . ."

However, in the trial court, the Appellants asserted the very opposite. In her affidavit,[2] Plaintiff Kathy Spradlin averred that "[m]y family members were buried with the consent of Jesse Privett." In their response to the motion to reconsider, Plaintiffs stated that "[d]ue to Jesse Privett either giving his consent or not caring[,] individuals outside of his family have been buried in the cemetery since its inception in 1983." At the hearing on the motion to reconsider, defense counsel stated that all previous burials "had been allowed by Jesse Privett, given his consent." Plaintiffs' counsel made no argument at the hearing and declined to comment when the trial court asked if he wanted to add anything to his response.

Appellants cite KRS[3] 381.710, which provides as follows:

> The fact that any tract of land has been set apart for burial purposes and that a part or all of the grounds has been used for burial purposes shall be evidence that such grounds were set aside and used for burial purposes. The fact that graves are not visible on any part of the grounds shall not be construed as evidence that such grounds were not set aside and used for burial purposes.

However, their apparent reliance on the statute is misplaced. As the Court explained in *Grinestaff*:

> This statute relates to evidence indicating that land has been set aside for burial purposes. There is no issue before us as to whether or not the property involved has

---

[2] The affidavit was attached as Exhibit "1" to Plaintiffs' response to Defendants' motion for summary judgment and was relied upon by Plaintiffs in their response to Defendants' renewed motion for summary judgment.

[3] Kentucky Revised Statutes.

been recognized and used as a graveyard. Our question
is what specific future rights, if any, the defendants have
acquired in it. The statute has no bearing on this
question.

318 S.W.2d at 885. We agree that the statute upon which Appellants rely has no

relevance to the claims they assert.

Therefore, we affirm the well reasoned decision of the McCreary

Court.

ALL CONCUR.


BRIEF FOR APPELLANTS:

John T. Aubrey
Mariah J. Aubrey
Manchester, Kentucky

BRIEF FOR APPELLEES DEBRA
SPRADLIN, JOSIE MARIE
TAPLEY, AND DENZIL LEON
TAPLEY:

Molly K. Hardy
Somerset, Kentucky